# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARY MCWHORTER, :
        Petitioner, :
  v. : Civ. No. 18-3704
         :
SUPERINTENDENT THOMAS MCGINLEY, et al., :
        Defendants. :

## O R D E R

*Habeas* petitioner Gary McWhorter alleges due process violations based on "perjured testimony." (Doc. No. 1); 28 U.S.C. § 2254. I referred his Petition to Magistrate Judge Marilyn Heffley, who recommended denying relief as time-barred. (Doc. No. 10.) McWhorter has filed *pro se* objections, and the Government has responded. (Doc. Nos. 14, 16.) On June 6, 2019, I remanded Judge Heffley's Report so that she could review the state court record—which was previously unavailable—and overruled McWhorter's objections without prejudice. (Doc. No. 17.)

On July 26, 2019, after reviewing the state court record, Judge Heffley again recommended that I deny McWhorter's Petition as untimely. (Doc. No. 18.) McWhorter did not renew his objections. (Doc. No. 20.) Accordingly, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made). In an abundance of caution, however, I will also address McWhorter's earlier objection to Judge Heffley's initial ruling (which has not changed) that his claim for relief is time-barred. (Doc. No. 14.)

Having reviewed the Report, I see no error, clear or otherwise: McWhorter's Petition is plainly time-barred. McWhorter filed the instant Petition on August 29, 2018, challenging his 1983 state conviction for first-degree murder and possession of an instrument of a crime. (See generally § 2254 Pet., Doc. No. 1; see also Crim. Docket, Commonwealth v. McWhorter, No. CP-

51-0715901-1982 (Phila. Ct. Com. Pl.).) The Pennsylvania Supreme Court rejected McWhorter's direct appeal on October 29, 1986. Commonwealth v. McWhorter, 522 A.2d 1105 (Pa. 1986) (Table). On August 13, 2014, McWhorter filed his first PCRA petition; the PCRA Court denied relief on June 10, 2016, the Superior Court affirmed, and McWhorter did not seek *allocatur*. (See Crim. Docket at 4–6; see also Commonwealth v. McWhorter, No. 1895 EDA 2016, 2017 WL 4535678, at *1 (Pa. Super. Ct. Oct. 11, 2017). On January 3, 2018, McWhorter filed a second PCRA petition to restore his appellate rights. (Crim. Docket at 7.) The PCRA Court granted this second petition after an evidentiary hearing, and McWhorter appealed his first PCRA petition to the Pennsylvania Supreme Court. (Crim. Docket at 10–11.) That appeal remains pending. See Commonwealth v. McWhorter, No. 349 EAL 2019 (Pa.)

McWhorter had a one-year grace period from the April 24, 1996 enactment date of the Antiterrorism and Effective Death Penalty Act to seek *habeas* relief. See 28 U.S.C. § 2244(d)(l)(A)–(D); Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004) ("[Petitioner's] conviction became 'final' before the AEDPA came into effect on April 24, 1996, and thus his one-year period for filing a habeas petition began running on that date."); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (establishing a one-year grace period). The one-year clock is tolled while a petitioner's "properly filed application for state post-conviction" review is pending. 28 U.S.C. § 2244(d)(2). An untimely PCRA petition, however, is not considered properly filed. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005); see also Perry v. DiGuglielmo, No. 06-1560, 2008 WL 564981, at *7 (W.D. Pa. Feb. 29, 2008) (a "PCRA petition must be filed before the limitations period runs out, otherwise there is nothing left to be tolled").

McWhorter's *habeas* petition is thus untimely. I agree with Judge Heffley that he is not eligible for statutory tolling because his PCRA petitions were also untimely. See Long v. Wilson,

393 F.3d 390, 395 (3d Cir. 2004) (filing of untimely PCRA petition did not statutorily toll the limitations clock); Johnson v. Hendricks, 314 F.3d 159, 161–62 (3d Cir. 2002) ("§ 2254(d)(2)'s tolling provision excludes time during which a properly filed state post-conviction [petition] is pending but does not reset the date from which the one-year limitations period begins to run."). McWhorter also presents no grounds that warrant equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010) ("[A] 'petitioner' is entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting Pace, 544 U.S. at 418)).

I also agree with Judge Heffley that McWhorter is not entitled to a new time clock based on newly-discovered evidence. See 28 U.S.C. § 2244(d)(1)(D) (petition timely because it was filed within one year of "[t]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). McWhorter argues that on July 3, 2014, he discovered new evidence, suggesting that the Commonwealth's key witness, Regina Smith, committed perjury. (See § 2254 Pet. 17; Pet'r's Br. 5, Doc. No. 1.) In rejecting this claim in denying PCRA relief, the Superior Court well explained that there was nothing "new" about it. See McWhorter, 2017 WL 4535678, at *2 ("Smith's credibility and potential perjury were exhaustively explored not only at trial, but also in a post-trial hearing . . . . This newly discovered statement from Jackson is merely another conduit for the same claim of perjury."). In any event, as Judge Heffley correctly observes, because McWhorter first raised this "new evidence" over four years after its discovery, the perjured testimony claim remains time-barred. See 2244(d)(1)(D).

Finally, I agree with Judge Heffley that there is no need to stay this Petition—which includes the same claim raised in McWhorter's first PCRA petition—pending McWhorter's appeal

3

to the Pennsylvania Supreme Court. See Ellington v. Overmyer, No. 14-00019, 2017 WL 4800473, at *5 (M.D. Pa. Oct. 3, 2017) ("In Pennsylvania, a federal claim is deemed exhausted once it is presented to the Superior Court of Pennsylvania—either on direct appeal from a state criminal conviction or on appeal from a PCRA Court's denial of post-conviction relief—because the Pennsylvania Supreme Court is not considered an 'available' state court remedy." (citing Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004)); see also Postley v. Rozum, No. 08-4479, 2009 WL 5217074, at *5–6 (E.D. Pa. Dec. 30, 2009) (denying stay request for time-barred *habeas* petition despite pending PCRA appeal).

In these circumstances, I will adopt Judge Heffley's Report and Recommendation and deny McWhorter's request for relief.

**AND NOW**, this 14th day of August, 2019, upon careful and independent consideration of Gary McWhorter's *pro se* Petition for Writ of *Habeas Corpus* (Doc. No. 1), Respondents' Response to Petition for *Writ of Habeas Corpus* (Doc. No. 9), Judge Heffley's Report and Recommendation (Doc. No. 18), to which there are no objections (Doc. No. 20), and all available state court records, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 18) is **APPROVED and ADOPTED**;
2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED with prejudice**;
3. A Certificate of Appealability shall **NOT ISSUE**. See 28 U.S.C. § 2253(c)(1)(A); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and
4. The **CLERK OF COURT** shall **CLOSE** this case.

                                              **AND IT IS SO ORDERED**.

*/s/ Paul S. Diamond*
_____
August 14, 2019                                                               Paul S. Diamond, J.